UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CR-00567-HEA |
| MARSHALL LAMPKIN, | ) ) ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S SUPPLEMENTAL TRIAL BRIEF AND MOTIONS *IN LIMINE* FOR PRETRIAL DETERMINATIONS OF ADMISSIBILITY**

The United States of America, by and through Thomas C. Albus, Acting United States Attorney, and Justin M. Ladendorf, Assistant United States Attorney, for the Eastern District of Missouri, respectfully submits this supplemental trial brief, which contains a brief factual summary of what the evidence will establish at trial and includes motions *in limine*.[1]

**FACTUAL SUMMARY**

Defendant Marshall Lampkin is charged with mail fraud. The evidence at trial will establish that Defendant Lampkin defrauded Kohl's Corporation ("Kohl's") of approximately $200,000 worth of online merchandise by exploiting its Kohl's Cash rewards program using a three-step process. *First*, Defendant Lampkin used Kohl's Cash to purchase merchandise in a Kohl's store. *Second*, before Kohl's system could account for his use of the Kohl's Cash to pay for the in-store purchase, Defendant Lampkin immediately made an online merchandise purchase from Kohl's, which he paid for using the exact same Kohl's Cash that he knew was worthless because he had just spent it in the store. And *third*, after making both purchases, Defendant

---

[1] Although largely the same, this brief is intended to replace the one that the United States filed in advance of the original trial date of June 30, 2025, Doc. 92.

Lampkin returned the merchandise that he purchased in the store and accepted a full refund of new Kohl's Cash, so that he could continue to repeat his scheme more than 100 times in less than five months.

At trial, the United States will admit Kohl's business records, including Defendant Lampkin's purchase history at Kohl's from November 2021 to March 2022. Those records will show that, in just under five months, Defendant Lampkin made merchandise purchases using Kohl's Cash at Kohl's stores throughout the country (all told, 40 different stores across 12 states), after which he immediately—sometimes less than a minute later—made fraudulent online merchandise purchases using the exact same Kohl's Cash that he had just spent in the stores. Those records will also show that Defendant Lampkin later—on some occasions the very same day—returned the in-store merchandise in exchange for a full refund of new Kohl's Cash. Those records will further include video surveillance footage and still shots showing Defendant Lampkin carrying out his scheme, as well as shipping records showing that Kohl's mailed Defendant Lampkin the merchandise from the fraudulent online purchases, including on numerous occasions to addresses located within the Eastern District of Missouri.

The United States will also admit business records from Google showing that Defendant Lampkin was the subscriber of the email address that he provided to Kohl's when making the fraudulent online purchases.  The United States will also introduce business records from Defendant Lampkin's credit union, which will establish, among other things, that his bank statements reflect the same addresses that he listed as his billing and mailing addresses for the fraudulent online purchases.

Finally, the trial evidence will include business records from a storage facility in St. Louis at which Defendant Lampkin rented storage units, as well as testimony and photographs relating

to a search of Defendant Lampkin's storage units, where law enforcement recovered hundreds of thousands of dollars' worth of Kohl's merchandise that he fraudulently obtained through his scheme.

### **MOTIONS *IN LIMINE***

The United States respectfully submits the following motions *in limine* seeking pretrial determination of evidentiary issues that it anticipates might arise at trial:

| Motion Number | Motion *in Limine* Description | Legal Authority |
|---|---|---|
| 1 | Motion to admit certified records | Fed. R. Evid. 902(11), (14) <br> Fed. R. Evid. 803(6) |
| 2 | Motion to admit summary exhibits | Fed. R. Evid. 1006 |
| 3 | Motion to preclude defendant from making "victim blaming" argument | Fed. R. Evid. 401 <br> Fed. R. Evid. 403 |
| 4 | Motion to exclude all evidence not produced in reciprocal discovery | Fed. R. Crim. P. 16(b) |
| 5 | Motion to preclude defendant from testifying without taking the witness stand | Model Crim. Jury Instr. 8th Cir. 2.23 (2025) |
| 6 | Motion to preclude defendant from commenting on potential punishment or sentence | Fed. R. Evid. 401 <br> Model Crim. Jury Instr. 8th Cir. 3.12 (2025) |
| 7 | Motion to preclude defendant from making selective or vindictive prosecution argument | Fed. R. Evid. 401 |
| 8 | Motion to preclude defendant from making unfounded allegations of law enforcement misconduct | Fed. R. Evid. 401 |
| 9 | Motion to preclude defendant from making missing witness argument | Fed. R. Crim. P. 17 <br> Model Crim. Jury Instr. 8th Cir. 4.16 (2025) |
| 10 | Motion to preclude questions aimed at eliciting opinions about the legalilty of illegality of defendant's actions | Fed. R. Evid. 401 |
| 11 | Motion to revoke defendant's self-representation if he deliberately engages in serious and obstructionist misconduct | *United States v. Willis*, 101 F.4th 577 (8 Cir. 2024) |

1. **Motion *in Limine* to admit certified records as relevant, self-authenticating non-testimonial documents under Rules 902 and 803(6)**

The United States intends to offer into evidence self-authenticating records under Rules

3

803(6) and 902(11), (14). The United States previously provided notice to Defendant Lampkin of its intent to admit the following categories of self-authenticating records, which were previously produced to either Defendant Lampkin or his prior attorneys in this case: (a) Kohl's records relating to Defendant Lampkin's purchase history and online and in-store activity, as well as an inventory list of Kohl's merchandise that was recovered from Defendant Lampkin's storage units during the execution of a federal search warrant; (b) Navy Federal Credit Union records for Defendant Lampkin's bank accounts; (c) Google subscriber records for Defendant Lampkin's and his mother's email accounts; (d) T-Mobile subscriber records for Defendant Lampkin's cellphone account; (e) Extra Space Storage records for Defendant Lampkin's storage units and storage unit activity; and (f) a message sent from Defendant Lampkin's inmate account at the Henderson County, Kentucky Detention Center. *See* Exhibit A and Exhibit B attached hereto. In the notices previously sent to Defendant Lampkin, the United States attached declarations for each category of records that comply with Rules 803(6) and 902(11), (14). The United States therefore respectfully requests a pretrial determination of the admissibility of these self-authenticating records to ensure the efficiency of the trial.

2. **Motion *in Limine* to admit summary exhibits under Rule 1006**

The United States intends to offer into evidence summary exhibits under Federal Rule of Evidence 1006, including, but not limited to, the following summary exhibits: (a) exhibits summarizing in-store and online purchases and subsequent in-store returns that form the basis of each mail fraud count, *see, e.g.*, Exhibit C; and (b) exhibits summarizing the scope of Defendant Lampkin's fraud scheme, *see, e.g.*, Exhibit D and Exhibit E. Each summary exhibit that the United States intends to introduce (to the extent not attached hereto) will be disclosed to Defendant Lampkin prior to trial.

"Rule 1006 of the Federal Rules of Evidence permits a proponent to 'use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.' Fed. R. Evid. 1006. Such summaries are properly admissible when '(1) the charts fairly summarize voluminous trial evidence; (2) they assist the jury in understanding the testimony already introduced; and (3) the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary.'" *United States v. Hawkins*, 796 F.3d 843, 865 (8th Cir. 2015) (quoting *United States v. Green*, 428 F.3d 1131, 1134 (8th Cir. 2005)).  The Eighth Circuit has long approved the admission of summary charts, even those containing "assumptions and conclusions," as long as the information in the chart is supported by evidence.  *United States v. Wainright*, 351 F.3d 816, 820–21 (8th Cir. 2003). "Summary charts may be used when they help in understanding testimony already introduced and the preparing witness is subject to cross-examination with all documents used to prepare the summary." *Id.* (citing *United States v. Caswell*, 825 F.2d 1228, 1235 (8th Cir.1987)).

The fact that the underlying evidence for some of the summary exhibits will have been admitted does not impact the admissibility of the summary exhibits under Rule 1006. *See United States v. Needham*, 852 F.3d 830, 838 (8th Cir. 2017) (finding "no reversible error in the district court's admission of Government's [Summary] Exhibit 51" in part on the basis that "Government's Exhibit 51 consists mostly of properly admitted evidence contained elsewhere in the record"); *see also United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006) (noting that the evidence underlying Rule 1006 summaries need not be introduced into evidence, but nothing in the rule forecloses a party from doing so).

The charts that the United States intends to present do not reflect characterizations of witness testimony or of the underlying records but, instead, reflect the contents of the underlying

5

voluminous records in an organized way that will aid the jury in its understanding of the evidence. *See United States v. Downen*, 496 F.2d 314, 321 (10th Cir. 1974) (a summary exhibit "may guide and assist the jury in understanding and judging the factual controversy"). The charts are thus designed to achieve Rule 1006's purpose of "assist[ing] the jury in understanding the evidence, particularly in cases involving 'complex testimony or transactions.'" *United States v. Crockett*, 49 F.3d 1357, 1361–62 (8th Cir. 1995); *see also United States v. Orlowski*, 808 F.2d 1283, 1289 (8th Cir. 1986); *United States v. Nelson*, 735 F.2d 1070, 1072 (8th Cir. 1984).

In sum, the United States' summary exhibits will satisfy all admissibility requirements: they will fairly summarize voluminous trial evidence; they will assist the jury in understanding the testimony already introduced; and the witnesses who prepared them will be subject to cross-examination.  Accordingly, the United States respectfully requests a pretrial determination that its summary exhibits are admissible at trial.

**3.     Motion *in Limine* to preclude Defendant Lampkin from blaming Kohl's**

The United States moves to preclude Defendant Lampkin from arguing that he did not defraud Kohl's, or that he did not know that his conduct was fraudulent, because Kohl's failed to detect fraud and processed online merchandise purchases he made using Kohl's Cash that he had already spent in-store. These kind of "victim blaming" arguments are irrelevant to the issue that the jury must decide:  whether or not Defendant Lampkin is guilty of the mail fraud offenses charged in the Indictment.

"[A] fraud victim's negligence is not a defense to criminal charges under the federal fraud statutes." *United States v. Kock*, 66 F.4th 695, 705 (8th Cir. 2023); *see also United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009) ("A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence."). To permit such a defense "would invite con men to prey

6

on people of below-average judgment or intelligence, who are anyway the biggest targets of such criminals and hence the people most needful of the law's protection." *Kock*, 66 F. 4th at 705. The rule prohibiting the "victim blaming" defense bars any argument that "a victim's diligence is relevant in determining whether a misrepresentation has been made." *Id.* (approving jury instruction providing that "[i]t is not relevant, and not a defense, that the Internal Revenue Service failed to detect the fraudulent nature of the scheme, nor is it relevant that the Internal Revenue Service might have acted with greater diligence.").

In short, whether Kohl's could have, or should have, detected or rejected online orders that Defendant Lampkin made using Kohl's Cash that he had already spent in-store is irrelevant to his guilt or innocence. *Id.* ("[T]he IRS's diligence is immaterial in this prosecution."). He should thus be precluded at trial from attempting to shift blame onto Kohl's.

    **4.**    ***Motion in Limine* to exclude evidence not produced in response to request for reciprocal discovery**

On multiple occasions throughout this case, including on June 9, 2025 (three weeks in advance of the original trial date), the United States requested reciprocal discovery from Defendant Lampkin pursuant to Federal Rule of Evidence 16(b)(1)(A) and (B). Rule 16(b) states that if the United States complies with a defendant's requested disclosures, which the United States has done in this case, the defense must provide the United States, upon request, with all of the items identified in subsections (A) and (B), to wit:

> (1) Information Subject to Disclosure.
> (A) Documents and Objects. If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>     (i) the item is within the defendant's possession, custody, or control; and
>     (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

7

> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

The Eighth Circuit has previously upheld a district court's exclusion of evidence that the defendant attempted to admit at trial after not disclosing it in discovery pursuant to the United States' request for reciprocal discovery. *United States v. Eason*, 829 F.3d 633, 639 (8th Cir. 2016). The court reasoned that "[t]he defense's failure to turn them [the evidence at issue] over to the government was a violation of that [Fed.R.Evid.16(b)(1)] rule," which therefore justified exclusion as a sanction.

Here, the United States made its initial request for reciprocal discovery nearly two years ago and then renewed that request on June 9, 2025. To date, however, the United States has not received a single item of reciprocal discovery from Defendant Lampkin. As a result, the United States respectfully requests that this Court preclude Defendant Lampkin from admitting any evidence at trial that he has failed to disclose under Rule 16.

5. **Motion *in Limine* to preclude Defendant Lampkin from testifying without taking the witness stand**

Although Defendant Lampkin is entitled to represent himself, he should not be permitted to use his *pro se* representation as a subterfuge to testify or present evidence without being subject to cross-examination. In *United States v. Oglesby*, 764 F.2d 1273 (7th Cir. 1985), the Seventh Circuit held that a *pro se* defendant should be warned not to speak in the first person in his comments on the evidence and that the jury should be carefully instructed that nothing the *pro se* defendant says in his capacity as a "lawyer" should be considered as evidence. *Id.* at 1276. To

8

ensure that Defendant Lampkin is mindful of that at trial, the United States respectfully requests that this Court warn Defendant Lampkin not to speak in the first person while commenting on the evidence and instruct the jury that nothing Defendant Lampkin says in his capacity as a "lawyer" should be considered as evidence.

> 6. **Motion *in Limine* to preclude Defendant Lampkin from commenting on potential punishment or sentence**

The United States moves to prohibit Defendant Lampkin from commenting on the potential punishment or sentence he could receive in this case. Neither is an appropriate topic to raise in front of the jury.

The Supreme Court has long recognized that "the jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal quotations omitted) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed."). That is precisely why "[s]entencing is generally one of the areas barred from comment during closing arguments to the jury because the jury is supposed to be concerned solely with the determination of guilt." 75A Am. Jur. 2d Trial § 470.  Eighth Circuit Model Jury Instruction No. 3.12 memorializes this principle by providing that: "[I]f the defendant is found guilty, the sentence to be imposed is [the Court's] responsibility. [The jury] may not consider punishment in any way in deciding whether the [government] . . . has proved its case beyond a reasonable doubt." Thus, where the Court, and not the jury, imposes punishment, "the duration of imprisonment for the crime in question is not a proper subject of comment . . . ." 75A Am. Jur. 2d Trial § 470.

In sum, the law prohibits Defendant Lampkin from commenting in any way on the potential punishment and sentence that he faces in this case. Accordingly, the United States respectfully

9

requests that the Court enter an order precluding Defendant Lampkin commenting on either issue in front of the jury.

### 7. Motion *in Limine* to preclude Defendant Lampkin from making any selective or vindictive prosecution arguments at trial

The United States moves to preclude Defendant Lampkin from making any argument in front of the jury relating to vindictive or selective prosecution. In particular, the United States moves to preclude evidence or argument at trial that law enforcement chose to target Defendant Lampkin, or that other co-conspirators have not faced charges.

"In our criminal justice system, the government retains broad discretion as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985) (internal quotations omitted). "[T]he decision to prosecute is particularly ill-suited" for external review because "[s]uch factors as the strength of the case, the prosecution's general deterrence value, the government's enforcement priorities, and the case's relationship to the government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Id.* Given the inherent difficulty in evaluating the government's decision to prosecute, any attempt by a defendant to challenge that decision by claiming vindictive or selective prosecution "should be addressed [by the court] before trial." *Clay*, 618 F.3d at 955–56 (8th Cir. 2010).

To succeed on such a claim, a defendant must demonstrate "1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." *United States v. White*, 928 F.3d 734, 742–43 (8th Cir. 2019). This "standard is a demanding one[.]" *Id.* at 743 (quoting *United States v. Armstrong*, 517 U.S. 456, 463 (1996)). "Without sufficient facts that show otherwise, the government's case is presumed to have proceeded in good faith and with a nondiscriminatory

10

purpose." *United States v. Barber*, Case No. 4:21-cr-00384 SEP/NCC, 2022 WL 4239047, at *7 (E.D. Mo. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4235139 (E.D. Mo. Sept. 14, 2022).

Absent Defendant Lampkin making this "demanding" showing to the Court before trial, he should be barred from making any arguments during trial in front of the jury regarding the United States' charging decision in this case.

### 8. Motion *in Limine* to exclude unfounded allegations of law enforcement misconduct

The United States moves to exclude any argument from Defendant Lampkin concerning unfounded allegations of law enforcement misconduct because such allegations are irrelevant, unduly prejudicial, and would only confuse the jury.

The Eighth Circuit addressed the problem with unfounded allegations of law enforcement misconduct in *United States v. Sanders*, 196 F.3d 910 (8th Cir. 1999). There, the defense repeatedly asked questions in front of the jury that the district court perceived to be part of an effort to suggest that law enforcement had conducted an illegal stop, despite the court's previous ruling that the stop was lawful. *Id.* at 914. As a remedy for such a baseless suggestion, the district court submitted a jury instruction, which informed jurors that law enforcement's actions in connection with the stop were lawful. *Id.* The Eighth Circuit affirmed that instruction based on the concern that the defense "had confused the jury" by improperly insinuating that law enforcement's actions were illegal. *Id.; United States v. Ledra Craig*, 4:20-cr-00403, Doc. 180 (E.D. Mo. Jan. 12, 2023) (barring argument regarding unfounded allegations of law enforcement misconduct).

Here, Defendant Lampkin has already made unfounded allegations of law enforcement misconduct in connection with his challenge to a search of his storage units—conducted pursuant to a federal search warrant—in which law enforcement recovered more than $200,000 worth of

11

Kohl's merchandise. To preempt Defendant Lampkin from attempting to make the same or other similarly baseless arguments at trial, the United States respectfully requests that the Court preclude him from making any argument in front of the jury concerning unfounded allegations of law enforcement misconduct.

### 9. Motion *in Limine* to Prohibit Impermissible Argument as to Missing Witnesses

Numerous witnesses, both civilian and law enforcement, played a role in the investigation in this case. The United States anticipates that it will not call as witnesses in its case in chief at trial all of those individuals. However, the identities of those individuals are known to Defendant Lampkin through the search warrant affidavit that he previously (and unsuccessfully) claimed was the product of false statements and material omissions. Should he desire to call any of them as witnesses, Federal Rule of Criminal Procedure 17 provides him with the necessary subpoena authority to do so. Because these witnesses are known to Defendant Lampkin and are not within the unique control of the United States, the United States moves to prohibit Defendant Lampkin from making an improper argument regarding the United States' decision not to call certain witnesses at the time of trial.

As the notes to the Eighth Circuit Model missing witness instruction (4.16) state, the request for a missing witness instruction is to "be applied with caution" because "the applicable rule in this Circuit" is that:

> Absent unusual circumstances such as knowingly concealing evidence favorable to a defendant, the government has a wide discretion with respect to the witnesses to be called to prove its case. The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers.

(citing *United States v. Williams*, 604 F.2d 1102, 1117 (8th Cir. 1979); *United States v. Mosby*, 422 F.2d 72, 74 (8th Cir. 1970)). Generally, a missing witness instruction is "not appropriate" unless the defense shows "that the government possesses the sole power to produce the witness."

12

*United States v. Cole*, 380 F.3d 422, 427 (8th Cir. 2004) (citing *United States v. Martinez-Figueroa*, 363 F.3d 679, 682 (8th Cir. 2004)). For that reason, a district court's decision not to give a missing witness instruction has been affirmed in each of the following circumstances:

- a) where the ability to produce the witness was not solely or otherwise in the power of the government, such as where a witness could not testify due to illness (*Williams*, 604 F.2d at 1117);

- b) where the witness was not subpoenaed by either party (*Williams*, 604 F.2d at 1120; *United States v. Higginbotham*, 451 F.2d 1283, 1286 (8th Cir. 1971));

- c) where the witness was argued to be "unavailable" because he worked for the government (*United States v. Anders*, 602 F.2d 823, 825 (8th Cir. 1979));

- d) where the witness/informant's whereabouts were no longer known to the government (*United States v. Johnson*, 562 F.2d 515, 517 (8th Cir. 1977));

- e) where there was no showing that the government possessed the sole power to produce the witnesses (*United States v. Kirk*, 534 F.2d 1262, 1280 (8th Cir. 1976));

- f) where the defendant had not made a motion to produce or attempted to subpoena the witness (*United States v. Williams*, 481 F.2d 735, 737-8 (8th Cir. 1973)).

Here, the United States is unaware of any witness uniquely in the power of the United States who is not equally available to Defendant Lampkin. Defendant Lampkin should therefore be prohibited at trial from making improper argument relating to purportedly missing witnesses.

**10.  Motion *in Limine* to preclude questions seeking to elicit an opinion about the legality or illegality of Defendant Lampkin's actions**

During trial, Defendant Lampkin should be prohibited from requesting that any witness opine as to whether his actions were legal or illegal because it invades the province of the Court and usurps the Court's function. *See, e.g.*, *United States v. Bull*, 8 F.4th 762, 768 (8th Cir. 2021)

13

("[E]xpert testimony on legal matters is not admissible because matters of law are for the trial judge, and it is the judge's job to instruct the jury on them.") (cleaned up)); *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) ("[W]here the opinion proffered necessarily encompasses a legal conclusion, a trial court may very properly conclude that a response would not be helpful to the trier of fact."). Defendant Lampkin should also be prohibited from requesting that any witness opine as to whether his actions were unlawful, knowing, or willful because such testimony would not be helpful to the jury. *See United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980) ("When, as here, a witness is asked whether the conduct in issue was 'unlawful' or 'wilful' or whether the defendants 'conspired,' terms that demand an understanding of the nature and scope of the criminal law, the trial court may properly conclude that any response would not be helpful to the trier of fact.").

The United States therefore respectfully requests that the Court prohibit questions at trial that call for improper legal conclusions regarding the legality or illegality of Defendant Lampkin's actions.

### 11. Motion *in Limine* to revoke Defendant Lampkin's self-representation if he deliberately engages in serious and obstructionist misconduct

The right of self-representation is not absolute. "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *see also United States v. Mosley*, 607 F.3d 555, 558 (8th Cir. 2010). "A defendant is not entitled to use the right of self-representation as a tactic for delay, for distortion of the system, or for manipulation of the trial process." *Mosley*, 607 F.3d at 558 (citing *United States v. Edelmann*, 458 F.3d 791, 808-9 (8th Cir. 2006) (internal quotations omitted)).

The Eighth Circuit recently recognized that "[r]efusing to participate in the proceedings, if

14

continued at trial, is serious obstructionist misconduct," that can result in revoking a defendant's self-representation. *United States v. Willis*, 101 F.4th 577, 584–85 (8th Cir. 2024). And in *United States v. Luscombe*, the Eighth Circuit upheld revocation of self-representation in the middle of trial when the defendant "repeatedly and frequently defied the district court's orders not to argue with witnesses, not to interrupt witnesses, not to interject his own testimony during his examination of witnesses, to speak clearly and slowly for the jury and court reporter, and to speed up his cross examinations." 950 F.3d 1021, 1030 (8th Cir. 2020). This conduct "was more than just poor 'lawyering' -- it interrupted the trial process and was seriously obstructive." *Id.*

If Defendant Lampkin displays similar conduct at trial, the United States will request that the Court revoke his self-representation.

Date:   August 13, 2025              Respectfully submitted,

                                                       THOMAS C. ALBUS
                                                       United States Attorney

                                                       */s/ Justin M. Ladendorf*
                                                       JUSTIN M. LADENDORF, #68558MO
                                                       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on August 13, 2025, a copy of the foregoing was mailed postage prepaid United States Mail first class to:

        Marshall Lampkin
        #139831
        Henderson County Detention Center
        P.O. Box 1350
        Henderson, Kentucky 42419

                                                      */s/  Justin M. Ladendorf*
                                                      JUSTIN M. LADENDORF, #68558MO
                                                      Assistant United States Attorney